IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHELLE SCHWARTZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-1919 |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this case arising out of a single-vehicle accident, Plaintiff Michelle Schwartz ("Plaintiff") filed an Amended Complaint against her insurance provider, Travelers Property Casualty Insurance Company ("Travelers") for breach of contract and failure to act in good faith. ECF 17. Travelers has filed a motion for partial summary judgment, ECF 26, which I have reviewed along with the relevant exhibits, opposition, and reply. ECF 27, 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, I will grant Travelers's motion.

**I.   FACTUAL BACKGROUND**

The facts contained herein are taken in the light most favorable to Schwartz, the non-moving party. On September 29, 2019, Plaintiff's vehicle hit a guardrail on Interstate 295 in Maryland. ECF 27-2 at 3. Plaintiff was the only occupant of the vehicle at the time of the accident. *Id.* at 5.

That same day, Plaintiff called her insurance company, Travelers, to report the incident. *Id.* at 11-12. She told the insurance representative, Sonia Grant, that she had swerved to miss hitting a deer and instead hit the guardrail. *See id.* at 11. Grant spoke with Plaintiff again the next

day, and Plaintiff reiterated that while she was traveling on I-295, a deer ran out into the road and in an effort to avoid the deer, Plaintiff swerved and hit the guardrail. *Id.*

According to Travelers, about a month later, after Plaintiff retained counsel, an individual from counsel's office first told a Travelers' representative that another vehicle on the road had swerved to miss a deer, causing Plaintiff to swerve to avoid the vehicle. As a result of the change in story, Travelers required Plaintiff to submit to a recorded statement. ECF 26-6. During that statement on December 19, 2019, Plaintiff said:

> As I was driving down, there was a car that kind of started swerving into my lane and started driving erratically, so I didn't know what was going on. But as I went to swerve away from that, I see a deer come out of nowhere... and I reacted. And when I reacted, I hit the guardrail.

ECF 27-2 at 2. During her recorded statement, Plaintiff also confirmed that during her initial phone calls with Travelers's representative, Sonia Grant, she had reported that she was the only car on the road. *Id.* at 11, 12. She admitted that she told Grant, "I was coming down 295 and a deer jumped out in the road, I swerved and I hit the side of the road's guardrail. I was the only car on the road and there was no one else in the accident." *Id.* Plaintiff explained that she had meant that she was the only car on the road after the accident, because the other car that had swerved initially had driven off. Finally, Plaintiff admitted to not calling the police or the fire department because she was the "only car on the road." *Id.* at 14.

Following that investigation, on January 2, 2020, Travelers mailed a letter to Plaintiff's counsel denying her uninsured motorist claim. ECF 26-8. The letter stated, in relevant part:

> Based on careful review of the recorded statements provided by your client, we found that the statements provided by your client are in conflict. For this reason, we cannot substantiate that this loss was caused by a phantom driver and that Uninsured Motorist Bodily Injury benefits apply. We will not be honoring a claim for Uninsured Motorists benefits under [Plaintiff's] auto policy for this reason. =

*Id.* Specifically, Travelers relied on the fraud provision of Plaintiff's insurance policy, which reads:

> **Fraud** We do not provide coverage for any person under this policy who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy. However, we will provide liability cover to such "insured" for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct if such damages result from an accident which is otherwise covered under this policy.

ECF 26-9 at GP-4.

Plaintiff initially filed suit in Maryland state court alleging 1) breach of contract and 2) negligent investigation. Travelers removed the case to this Court on June 26, 2020, after which the Court dismissed the initial Count II negligent investigation claim because Plaintiff failed to file a complaint alleging failure to act in good faith with the Maryland Insurance Administration ("MIA"). On September 18, 2020, Plaintiff filed a claim with the MIA protesting the denial of coverage alleging a failure to act in good faith investigating her claim. On September 24, 2020, six days after she filed with the MIA, Plaintiff filed an Amended Complaint in this Court, replacing the negligent investigation claim with Count II's present claim of bad faith pursuant to Md. Ins. 27-1001. The MIA, meanwhile, denied Plaintiff's claim on November 17, 2020. ECF 26-4 at 15.

## II.     LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a

genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### III.   ANALYSIS

While Plaintiff captioned Count Two of her Amended Complaint "Bad Faith," Maryland does not recognize a tort action against an insurer for bad faith failure to pay an insurance claim. *See Johnson v. Kemper Inc. Co.*, 74 Md. App. 243, 248, 536 A.2d 1211, 1212 (1988), cert. denied,

313 Md. 8, 542 A.2d 844 (Table) (1988); *see McCauley v. Suls*, 123 Md. App. 179, 187, 716 A.2d 1129, 1133 (1998); *see also Cecilia Schwaber Trust Two v. Hartford Acc. & Indem. Co.*, 636 F.Supp.2d 481, 486 (D. Md. 2009); *Allstate Indem. Co. v. Parsons*, JKB-09-3411, 2010 WL 2163869, *3 (D. Md. May 26, 2010) ("'Bad faith' denial of an insurance claim is not a basis for a tort claim in Maryland by a first-party claimant against an insurer."); *Ming-Lewis v. Std. Fire Ins. Co.*, CCB-05-1412, 2005 WL 1923155, *2 (D. Md. Aug. 10, 2005) ("[T]here is no tort action for the bad faith failure of an insurer to pay a first party claim."); *Snyder v. Chester County Mut. Ins. Co.*, 264 F.Supp.2d 332, 340 (D. Md. 2003) ("An insured may not bring a bad faith claim against an insurer for refusal to perform under a contract."). It does, however, provide a statutory cause of action for failure to act in good faith in denying insurance coverage, under C.J. § 3-1701 and its companion, Ins. § 27-1001. *See* 2007 Md. Laws, ch. 150. Those statutes require an insurer to make "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim."[1] C.J. § 3-1701(a)(5); Ins. § 27-1001(a) (same).

Although the law was enacted in 2007, "[c]ases construing section 3-1701's good-faith standard are sparse." *All Class Const., LLC*, 3 F.Supp.3d at 416. Judges in this District have routinely employed a "totality of the circumstances" test, which was first set forth in *Cecilia Schwaber*, 636 F.Supp.2d at 486-87. *See Barry v. Nationwide Mut. Ins. Co.*, 298 F.Supp.3d 826,

---

[1] Technically, it appears that Schwartz failed to fulfill the administrative exhaustion requirement for a claim under C.J. § 3-1701, and it is unclear that any of the statutory exceptions to that requirement would apply. Schwartz filed this action just days after filing her 27-1001 claim with the MIA, without having received a decision from that entity as required by statute. Presently, however, the MIA has denied Schwartz's claim, and requiring Schwartz to again amend her complaint would be substantively unproductive. This Court has therefore addressed the claim on its merits. Travelers has not argued that this Court should do otherwise, although it does note that Schwartz's claim does not constitute a proper de novo appeal of an MIA decision that had not been filed. ECF 28 at 1-3.

830, 2018 WL 724068, at *3 (D. Md. 2018) (quoting *All Class Const. LLC*, 3 F.Supp.3d at 416)). That test includes the following factors:

> [ (1) ] efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; [ (2) ] the substance of the coverage dispute or the weight of legal authority on the coverage issue; [and] [ (3) ] the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Barry*, 298 F.Supp.3d at 830.

To assess those factors, courts consider "the insurer's efforts to obtain information related to the loss, accurately and honestly assess this information, and support its conclusion regarding coverage with evidence obtained or reasonably available.'" *All Class Const.*, LLC, 3 F.Supp.3d at 416 (quoting *Cecilia Schwaber*, 636 F.Supp.2d at 487). Significantly, "the determination as to good faith focuses on the time at which the insurer's decision was made, not at a later point in subsequent litigation when all involved have the benefit of additional evidence." *Id.* (quoting *Cecilia Schwaber*, 636 F.Supp.2d at 487-88).

While Schwartz disagrees with the conclusion Travelers reached on her claim, she has not adduced any evidence that it failed to investigate her claim in good faith or acted dishonestly in reaching its determination. The uncontroverted evidence demonstrates that Travelers spoke with Schwartz multiple times immediately following the accident. Then, when Travelers learned from Schwartz's counsel's office that a potential second vehicle surfaced, it scheduled a recorded statement with Schwartz to clarify her information before reaching a coverage decision. Nothing about the course of events suggests that Travelers conducted a dilatory or inadequate investigation. Given that Schwartz was the only occupant of her vehicle and could not identify the other driver she described, there are no further investigative steps that Travelers could have employed to corroborate or disprove her claims.

The denial letter makes clear that, in Travelers's view, after consulting with counsel Schwartz had changed her story from her initial version in which her car was alone on the road with a deer to a version in which another car's actions caused her to swerve. ECF 27-4. Based on those facts, Travelers concluded that the fraud provision in the policy barred Schwartz's recovery for an uninsured motorist claim. The fact that the parties disagree as to the proper interpretation of her statements does not create a genuine issue of material fact because "the fact that . . . plaintiffs [are] unable to persuade the insurer to change its mind does not mean that the insurer failed to act in good faith." *All Class Const., LLC*, 3 F.Supp.3d at 417 (citing *Millennium Inorganic Chemicals Ltd. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 893 F.Supp.2d 715, 740-41 (D. Md. 2012), rev'd on other grounds, 744 F.3d 279 (4th Cir. 2014)).

In the absence of any evidence to suggest that the standards of reasonable investigation, honest assessment, and reasonable explanation of the decision, as set forth in *Cecilia Schwaber*, were not satisfied, summary judgment is appropriate as to Count Two.

## IV. CONCLUSION

For the reasons set forth above, Travelers's Motion for Partial Summary Judgment, ECF 26, will be GRANTED. A separate Order follows, which includes a date for a teleconference to discuss further scheduling in this case.

Dated: March 19, 2021 /s/
Stephanie A. Gallagher
United States District Judge